IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01722-RM-SBP

DOUGLAS SMITH BUILDERS LLC,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER (ECF NO. 46)

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Plaintiff Douglas Smith Builders LLC's Motion to Amend the Scheduling Order ("Motion"), filed December 13, 2023. ECF No. 46. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b) and the Memorandum dated September 21, 2020, ECF No. 47, and concludes that neither oral argument nor further briefing will assist in the resolution of this matter. Accordingly, having reviewed the Motion and Response, the applicable caselaw, and being otherwise fully advised, the court **DENIES** the Motion for the reasons stated herein.

### BACKGROUND

This civil action arises out of an insurance dispute between Plaintiff and Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). *See generally* ECF No. 8 ("Amended Complaint"). Plaintiff alleges that its property was damaged by a wind and hail

storm while it was insured under a policy provided by State Farm. *Id.* ¶¶ 6-8. Plaintiff sought benefits under the policy, but the parties disagreed as to the total amount of loss. *Id.* ¶¶ 14, 19. State Farm refused to tender the full amount claimed by the Plaintiff, and litigation ensued.

Plaintiff initiated this civil action in the District Court for the City and County of Denver on June 6, 2022. ECF No. 1-1. Plaintiff filed the Amended Complaint on June 21, 2022, asserting claims against State Farm for breach of contract (¶¶ 39-44) and statutory bad faith delay of payments (¶¶ 45-54).

On July 11, 2022, Defendant removed this matter to this District pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. Thereafter, Magistrate Judge Scott T. Varholak conducted a Scheduling Conference with the Parties and set July 11, 2023, as the discovery deadline and August 8, 2023, as the dispositive motions deadline. *See* ECF No. 25 ("Scheduling Order") at 8. The case was then reassigned to the undersigned on May 2, 2023. ECF No. 30. This court granted an extension of the parties' deadlines on June 6, 2023, establishing September 12, 2023, as the discovery deadline and October 10, 2023, as the dispositive motions deadline. *See* ECF No. 33. The court extended these deadlines a second time on September 20, 2023, making the discovery cut-off date November 13, 2023, and the dispositive motion deadline December 11, 2023. *See* ECF No. 49. The discovery deadline passed on November 13, 2023. On December 12, 2023, the court granted a final extension, giving the parties until January 11, 2024, to file dispositive motions. *See* ECF No. 44.

On December 13, 2023, one month after the close of discovery, Plaintiff filed the instant Motion. The Motion is framed as one to "extend" the discovery deadlines, but in reality, Plaintiff seeks to reopen discovery that has already closed. Plaintiff seeks to conduct an additional

2

deposition—limited to three hours—of either: 1) the State Farm claims adjuster assigned to this case; or 2) a Rule 30(b)(6) witness from State Farm. Mot. at 3. Plaintiff provides no rationale for why it was "unable to depose the adjuster" up to this point. Rather, it merely states that it "has diligently worked with the Defense in facilitating the Defense's discovery requests." *Id.*

Defendant filed an opposition to the Motion on December 20, 2023 ("Opposition"). ECF No. 49. Defendant asserts that Plaintiff has failed to establish excusable neglect for its failure to depose State Farm's representatives sooner or for its delay in filing the Motion. Opposition at 2. Defendant notes that Plaintiff previously scheduled the deposition of Anne Miller, State Farm's Claim Representative, for August 11, 2023, but Plaintiff cancelled the deposition three days prior. *Id.* at 2. In the email correspondence attached to the Opposition, Plaintiff's counsel provides no reason for the cancellation. *See* 8/8/2023 Email from T. Havens to H. Patterson and F. Patterson, ECF No. 49-2. In the three months following, Plaintiff did not attempt to reschedule Ms. Miller's deposition. *Id.* at 2-3. Plaintiff has also not raised the issue of a Rule 30(b)(6) deposition of State Farm since July 2023. *Id.* at 4. State Farm contends that it will be unduly prejudiced by the extension because it would delay the pre-trial conference and trial, and it would require State Farm to prepare Ms. Miller a second time for her deposition. *Id.* at 3-4.

The undersigned directed that no reply brief would be accepted without leave of court, ECF No. 48, and has determined that no reply is necessary. Thus, the Motion is ready for disposition. *See* D.C.COLO.LCivR 7.1(d) (providing that the court may dispose of a motion at any time).

**ANALYSIS**

As courts in this District have repeatedly observed, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *E.g.*, *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, 300 F.R.D. 678, 681 (D. Colo. 2014). Rather, a Scheduling Order is an important tool used for the orderly preparation of a case for trial and to avoid surprise to the parties and to the court. *Id.*

The determination of good cause under Rule 16 lies within the sound discretion of the court. Rule 16(b)(4) of the Federal Rules of Civil Procedure expressly provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Scheduling Order entered by Judge Varholak in this matter expressly reflects this principle. Sched. Or. at 10. In addition, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires the movant to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four Seasons Secs. Law Litig. v. Bank of Am.*, 493 F.2d 1288, 1290 (10th Cir. 1974). Whether the neglect is "excusable" depends upon the circumstances surrounding the failure, such as: 1) any prejudice to the nonmoving party; 2) the length of delay and its effect on the judicial proceedings; and 3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The court may also consider the existence of good faith on the part of the movant. *Hamilton v. Water Whole Int'l. Corp.*, 302 F. App'x 789, 798 (10th Cir.2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). The

reason for delay is an important, if not the most important, factor in this analysis. *Id.* (citing *Torres*, 372 F.3d at 1163).

This court concludes that Plaintiff fails to demonstrate good cause or excusable neglect for the requested extension. As discussed, the discovery deadline expired on November 13, 2023, and Plaintiff filed the instant Motion on December 13, 2023—one month after the discovery deadline. Plaintiff provides no explanation whatsoever for its delay in taking the depositions of State Farm's representatives and why it could not have conducted such depositions prior to the close of discovery. *See Four Seasons Secs. Law Litig.*, 493 F.2d at 1290. Moreover, while Plaintiff contends that it "has diligently worked with the Defense in facilitating <u>the Defense's discovery requests</u>," it makes no mention of its diligent efforts to conduct <u>its own discovery</u>. Mot. at 3 (emphasis added); *see also Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that Rule 16(b)(4) requires the movant to demonstrate that she could not meet the scheduling deadlines despite her diligent efforts). Indeed, given the fact that Plaintiff had already scheduled Ms. Miller's deposition for August 11, 2023, there can be no argument that Plaintiff's counsel did not realize that Ms. Miller's deposition, or a deposition of a State Farm representative generally, was important. Under these circumstances, this court cannot conclude that Plaintiff exercised diligent efforts to meet the scheduling deadlines here.

Based on the foregoing, this court respectfully concludes that Plaintiff has failed to demonstrate good cause or excusable neglect, as required to warrant the reopening and extension of discovery to permit Plaintiff to take an additional deposition of State Farm's claim adjuster or Rule 30(b)(6) witness out of time.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Amend the Scheduling Order, ECF No. 46, is **DENIED**.[1]

DATED:  January 2, 2024                                           BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").