IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-01722-RM-SBP

DOUGLAS SMITH BUILDERS LLC,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

## ORDER

---

This insurance case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 51), seeking dismissal of all Plaintiff's claims. After the Motion was briefed (ECF Nos. 58, 68), the Court ordered supplemental briefing in light of the Colorado Supreme Court's recent ruling in *Gregory v. Safeco Insurance Co. of America*, holding that the notice-prejudice rule applies to first-party, occurrence-based homeowners' insurance policies and that insurers bear the burden of proving prejudice from untimely notice of claim and unreasonable delay by a preponderance of the evidence. 545 P.3d 942, 949 (Colo. Mar. 11, 2024), *reh'g denied*, (Colo. Apr. 15, 2024). Having considered the supplemental briefing (ECF Nos. 77, 78) and other relevant arguments and evidence, the Court grants the Motion for the reasons below.

**I.  BACKGROUND**

The relevant facts are not disputed. On June 26, 2020, a hailstorm damaged the property of Rosa and Jess Vazquez, which was insured under a policy issued by Defendant. (ECF No. 69,

¶¶ 1, 5, 8.)  The Vazquezes did not file a claim for the damage until August 12, 2021, nearly fourteen months later.  (ECF No. 69, ¶ 3.)  The same day, the Vazquezes signed a contract with Plaintiff, a roofer, by which Plaintiff agreed to repair the damage associated with the claim in exchange for their right to whatever benefits Defendant paid under the policy.  (*Id.* at ¶¶ 2, 4.)

After investigating the property, Defendant paid the Vazquezes $474.90, which was the estimated replacement cost value of the loss less the deductible.  (*Id.* at ¶ 8.)  At Plaintiff's suggestion, the Vazquezes hired a public adjuster, who determined that the entire roof needed to be replaced and that the total amount of the loss was $69,978.78.  (*Id.* at ¶ 13.)  After another inspection, Defendant drafted a supplemental estimate setting amount of the loss at $15,025.12 and issued another payment of $4,361.54.  (*Id.* at ¶¶ 15, 26.)

Plaintiff filed suit in state court, asserting claims for breach of contract and for unreasonably delaying or denying payment of a claim for benefits under Colo. Rev. Stat. §§ 10-3-1115 & -1116.  Defendant removed the case to this Court and filed the instant motion for summary judgment, arguing that Plaintiff lacks standing to bring this lawsuit, that it failed to provide immediate notice as required by the policy, and that Plaintiff has not provided evidence to support either of its claims.

II.   **LEGAL STANDARDS**

   A.   **Standing**

Under Fed. R. Civ. P. 12(b)(1), a defendant may raise by motion the defense of the court's lack of subject-matter jurisdiction, and the plaintiff bears the burden of demonstrating the court's jurisdiction to hear his claims, including by showing he has standing.  *See Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1043 (D.N.M. 2020).  "As an irreducible constitutional

minimum, a plaintiff must satisfy three criteria in order for there to be a 'case or controversy' that may be resolved by the federal courts." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must demonstrate "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). "Standing is determined as of the time the action is brought." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quotation omitted).

    B.    **Summary Judgment**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019).  If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial.  *See id.*  If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party.  *See id.*

**III.    ANALYSIS**

    **A.    Standing**

Defendant makes several persuasive arguments as to why Plaintiff lacks standing to bring this lawsuit.  First, it argues that Plaintiff has not performed any work on the Vazquezes' home for which it has not been paid, and therefore it has not suffered a concrete injury for purposes of Article III standing.

To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish the first element, "a plaintiff must show that he or she suffered an invasion of a legally protected

interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotations omitted).

In its Response, Plaintiff relies on *Kyle W. Larson Enterprises., Inc. v. Allstate Insurance Co.*, 305 P.3d 409, 413 (Colo. App. 2012), for the proposition that under Colorado law, repair vendors such as Plaintiff are "first-party claimants" under Colo. Rev. Stat. 10-3-1115 "when they assert an entitlement owed on behalf of an insured under an insurance policy." But the Court finds the circumstances of that case are distinguishable. There, the plaintiff roofer received the defendant insurers' approval to make certain repairs, and the insurer paid those claim amounts. *Id.* at 410. The dispute centered on whether the insurer unreasonably denied payment for additional repairs the roofer made to comply with applicable building codes and to maintain certain manufacturers' warranties. *Id.* The court concluded that the roofer could bring a claim against the insurer on behalf of the insured. *Id.* at 410. By contrast, Plaintiff is not asserting that it made any repairs to the Vazquezes' property for which it has not been paid. Moreover, under the terms of the Vazquezes' policy, replacement cost benefits are not due or owed until repairs are completed, and repairs or replacement must be completed within two years of the date of loss. (ECF No. 69, ¶ 48.) Therefore, Plaintiff has not shown an entitlement *owed* on behalf of the Vazquezes. In the absence of any evidence that Plaintiff performed work for which it was never paid, the Court discerns no concrete injury that would confer it with standing.

Second, Defendant contends that Plaintiff does not have a valid assignment or enforceable contract, either because its contract with the Vazquezes is illusory or because it acted as a public adjuster, thereby violating Colo. Rev. Stat. § 10-2-103(8.5). The Court agrees that the underlying contract is illusory, and therefore declines to reach the issue of whether Plaintiff

5

acted as a public adjuster.

Under Colorado law, "a contract is formed when one party makes an offer and the other party accepts it, and the agreement is supported by consideration." *Grosvenor v. Qwest Corp.*, 854 F. Supp. 2d 1021, 1024 (D. Colo. 2012) (quotation omitted). In addition, the parties must mutually assent to all essential elements of the agreement, and "[t]he terms of the offer must be sufficiently definite such that the promises and performances required of each party are reasonably certain." *Id.*

Here, the purported contract between Plaintiff and the Vazquezes lacks consideration, and its terms are insufficiently definite. The agreement states that "[s]pecifications of material brands, styles, colors, and choices of that nature will be agreed to in writing prior to commencement of repairs." (ECF No. 52-13 at 1.) Further, the agreement states that "in no event is [Plaintiff] required to commence the Service Repairs until the Insurance Company has approved payment of Insurance Proceeds for the Claim in an amount that is not less than the Estimated amounts" (*id.*), and Plaintiff has identified no provision in the contract that obligates it to do anything specific at all. Thus, the contract could be characterized as a nonbinding "agreement to agree or a contract subject to conditions precedent which were never fulfilled." *N.Y. Life Ins. Co. v. K N Energy, Inc.*, 80 F.3d 405, 411 (10th Cir. 1996). Plaintiff's contentions that it "is ready and willing to do the repair work" and is "fighting for Defendant to pay a fair price to repair the roof" are inadequate to demonstrate the existence of an enforceable contract. On the current record, the Court finds there is no contractual basis for Plaintiff to assert it has standing.

Third, the assignment of benefits agreement the Vazquezes signed in April 2022 is also

insufficient to confer standing because the consideration for that agreement is the same underlying contract for repairs discussed above. Based on the Court's finding that the contract for repairs is unenforceable, the Court further finds that the assignment of benefits also lacks consideration and is not enforceable.

Under the circumstances presented, the Court finds Plaintiff has not met its burden of establishing standing. *See Spokeo*, 578 U.S. at 338.

**B.    Late Notice**

Even if Plaintiff had standing, the Court would find that its claims are barred because the Vazquezes failed to provide notice of their claim until fourteen months after the hailstorm damaged their property.

Before the *Gregory* decision cited above, Colorado courts followed the "traditional approach" in late-notice insurance cases. *See* 545 P.3d at 946. "[U]nder the traditional approach, an unexcused delay in giving notice relieves the insurer of its obligations under an insurance policy, regardless of whether the insurer was prejudiced by the delay. *Id.* (quotation omitted). However, a court may excuse an insured's late notice upon a showing of justifiable excuse or extenuating circumstances explaining the delay. *Id.* In *Gregory*, the Colorado Supreme Court held that the notice-prejudice rule applies to first-party occurrence-based homeowners' insurance policy, requiring a court first to determine whether an insured's notice was timely or whether any delay was reasonable, and, if the notice was untimely and the delay unreasonable, then to determine whether the insurer was prejudiced by the untimely notice. *Id.* at 949. The Court finds that under either approach, Plaintiff's claims are barred due to the Vazquezes' late notice.

Plaintiff does not contend the Vazquezes timely notified Defendant of their claim, and the Court finds that under the circumstances of this case, the fourteen-month delay was objectively unreasonable.  Instead, Plaintiff contends that Defendant waived the timely reporting condition in the policy. (ECF No. 58 at 7-8.)  However, multiple communications from Defendant about the claim explicitly state that it did not intend to waive any policy defenses and reserved its right assert such defenses at any time. (*See, e.g.*, ECF Nos. 59-3 at 3 ("This Company does not intend, by this letter, to waive any policy defenses in addition to those stated above, and reserves its right to assert such additional policy defenses at any time."); 59-4 at 3 ("Any actions taken by this company or any of its authorized representatives to investigate, evaluate, or otherwise adjust a claim, shall not waive any terms or conditions of the policy, nor shall any such actions waive any of our other rights.").)  Plaintiff's waiver argument is woefully underdeveloped, and Plaintiff cites no authority for the proposition that Defendant waived this defense either by failing to deny the claim due to untimeliness or by adjusting the claim and issuing payments.

Under the traditional approach, the Vazquezes' untimely notice would be sufficient to excuse Defendant from its obligations under the policy.  The Court further finds that Plaintiff's claims fail because Defendant has made the additional showing required under the notice-prejudice rule that it was prejudiced by the delay.  Defendant cites the many hailstorms at or near the Vazquezes' property before and after the June 2020 date of loss. (*See* ECF No. 77 at 6.)  Defendant also cites the absence of any evidence that the June 2020 hailstorm was the lone cause of the damage observed to the Vazquezes' property. (*Id.* at 7.)  Under the circumstances, the Court has little trouble concluding that the delayed notice interfered with Defendant's ability to investigate the claim and accurately assess what damage was covered.

Accordingly, even if Plaintiff had standing, the Court would conclude its breach of contract claim is barred by the Vazquezes' late notice.  Plaintiff's statutory bad faith claim necessarily would fail as well.  *See MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage.").

## IV.   CONCLUSION

For the reasons outlined in this Order, Defendant's Motion for Summary Judgment (ECF No. 51) is GRANTED, and Plaintiff's claims are dismissed for lack of standing.  The Clerk is directed to CLOSE this case.

DATED this 24th day of July, 2024.

BY THE COURT:

_____

RAYMOND P. MOORE
Senior United States District Judge